559 So.2d 987 (1990)
Kathy Simons, Wife of Charles E. KEEFE
v.
Charles E. KEEFE.
No. 89-CA-695.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1990.
Jamie F. Veverica, Gretna, for defendant-appellant.
Cindy M. Harris and D. Douglas Howard, Jr., New Orleans, for plaintiff-appellee.
Before BOWES, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
Appellant in this domestic case is Charles E. Keefe, who was ordered to pay $17,640.00 in past due child support to his former wife, Mrs. Kathy S. Galle. Mr. Keefe was also ordered to pay (1) $9,286.00 in interest, (2) $1,000.00 to Mrs. Galle's attorneys and (3) court costs.
On appeal, Mr. Keefe's primary contention is that he and Mrs. Galle had orally agreed to change the original child support judgment dated August 13, 1980, whereby Mr. Keefe, in lieu of making $280.00 monthly payments to his ex-wife, would make tuition payments directly to his daughter Christine's school and also provide medical insurance for her. Mr. Keefe likens his situation to that of the ex-husband in Roberts v. Roberts, 474 So.2d 471 (La.App. 4 Cir.1985).
For the following reasons, we affirm the trial judge's finding that there was no total oral agreement as described by Mr. Keefe. Nonetheless, he should be given credit for amounts paid on behalf of Christine with Mrs. Galle's full knowledge and consent. In other respects, the district court judgment is affirmed.
Mrs. Galle testified that she had not entered into any agreement amending the original child support decree. She said that she didn't file a contempt motion sooner *988 because Mr. Keefe had certain photographs of her in a very compromising position and that she was afraid Mr. Keefe would use them in an attempt to obtain custody of the couple's daughter, now 11 years of age. Mrs. Galle did admit, however, that Mr. Keefe paid Christine's tuition with her (Mrs. Galle's) full knowledge and consent.
At one point, Mr. Keefe fell behind in the tuition payments. Mrs. Galle said:
"... I said if he can't pay the tuition then he's going to have to pay me my child support. I called him. I told him the same thing. In fact, when I called him and told him ... you said you were going to pay tuition and you didn't pay it. Why didn't you pay it?"
The compromising photographs were in fact placed in evidence during the August, 1980 trial. Mrs. Galle said: "I realize that now ...," suggesting that from 1980 until 1988 she did not recall that the photographs had been admitted into evidence in 1980 and were consequently part of a public record.
Mr. Keefe stated that in December of 1980 he and his former wife agreed that he would pay tuition and provide medical insurance instead of child support. Mr. Keefe stated:
"She told me so long as I just took care of the tuition and the education of the child, which progressively would go up every year, which it has, that that and the fact that the child needed hospitalization that that would be satisfactory on my part and hers for the child support."
It was stipulated that Mr. Keefe paid $9,500.00 in tuition and $4,500.00 in medical insurance premiums for Christine.
Following the hearing, the trial judge said that "... Mr. Keefe has not proved that there was in fact an agreement to substitute payments such as tuition ... in lieu of the court-ordered child support." This finding, based in substantial part on credibility of the witnesses, is supported by the record and we will not disturb it. However, Mr. Keefe is entitled to a reduction of the amount claimed as clearly he made tuition and medical premium payments for his daughter's direct benefit and with Mrs. Keefe's authorization.
In addition to the alleged arrearage, the appealed district court judgment also (1) dismissed rules for contempt filed by both parties, (2) denied Mr. Keefe's request for a reduction, (3) denied Mrs. Galle's request for an increase and (4) modified the visitation schedule. The record supports these determinations.
Among Mrs. Galle's arguments is the fact that Mr. Keefe did not timely take an appeal within 30 days of July 15, 1988. Mr. Keefe's petition for a devolutive appeal was filed on September 22, 1988. Mr. Keefe had seven days to apply for a new trial (LSA-C.C.P. art. 1974), then 60 days from the expiration of the delay for applying for a new trial (LSA-C.C.P. art. 2087). Thus, the appeal to this Court was just within the time schedule.
Accordingly, we affirm the July 15, 1988 judgment in every respect except that Mr. Keefe is to be given credit for the sums paid with Mrs. Galle's full knowledge and consent. We remand to the trial judge for him to calculate the precise amount due and executory and the amount due as interest. Mr. Keefe is to bear costs of this appeal.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.