571 So.2d 888 (1990)
Kathleen Brennan, Wife of Seymore F. MATHERNE
v.
Seymore F. MATHERNE.
No. 90-CA-462.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
*889 Zoe Smith Wong, Gretna, for plaintiff-appellant.
Hall, Lentini, Mouledoux & Wimberly, William P. Connick, Metairie, for defendant-appellee.
Before CHEHARDY, C.J., and GAUDIN and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
This appeal from a judgment modifying child support is taken by the plaintiff, Kathleen Brennan Matherne, who was divorced from the defendant, Seymour P. Matherne, in October 1985. The divorce judgment granted custody of their two minor sons to Mrs. Matherne and ordered Mr. Matherne to pay child support in the amount of $320 per month. In 1986 the child support was increased to $508 per month. In 1989 Mr. Matherne filed a motion seeking joint custody of the children, including physical custody of the older son, and a modification of his child support obligation to reflect such a change.
After hearing the rule for modification on November 14, 1989, the trial court awarded joint custody of the children to both parties. The judgment made the defendant the custodial parent of the older son and the plaintiff the custodial parent of the younger son, required the defendant to maintain health and dental insurance on the children, fixed child support payable to the plaintiff by the defendant in the amount of $100 per month, and ordered the defendant to continue to maintain medical and dental insurance on the children.
From that judgment the plaintiff appeals, asserting the child support award is inadequate. She argues the trial court erred (1) in failing to consider the income of Mr. Matherne's second spouse in calculating child support, (2) in refusing to assess common community debts of the second household against the second spouse, and (3) in determining that the guidelines for fixing child support do not require the children to be maintained in approximately the same standard of living.
When this case was heard, the newly-enacted Guidelines for Determining Child Support had been in effect for only a few weeks (LSA-R.S. 9:315-9:315.15, added by Acts 1989, 2nd Ex.Sess., No. 9, Section 1, eff. Oct. 1, 1989). Because this proceeding was filed prior to October 1, 1989, the court was not required to use the guidelines (see R.S. 9:315.1); however, the failure of either party to object to the use of the guidelines must be considered a waiver of their right to have the matter decided under prior law.
In figuring the amount of child support due, the judge tried to follow the guidelines, but had no jurisprudence interpreting the new act to clarify the facts of this situation. He explained his calculations in his oral reasons for judgment:
"Well, the real point is that I don't have much alternative but to apply the legislative act and to apply it as specifically as I understand how to do it. We've computed it several different times and it comes out essentially the same way every time. Giving the wife credit for a gross income of $1,915 a month and the husband credit for $2,610 a month, considering the fact that the formula would require, under those circumstances, that the wife pay 43% and the husband 57% of each child's support, and we're talking here about child support * * *, not alimony pendente lite, where the parties are required to sustain approximately the same living standard; this is strictly child support. They each should get $501.50 a month child support from one parent or the other. If you consider the additional obligation that Mr. Matherne is paying of * * * a little more than $200 a month for Archbishop Shaw High School and $200 a month the mother is paying for child care, it would work out about the same. I have refused to consider the $200 a month Mr. Matherne is paying, but I have given some credit for the child support. If I figure it to the last penny, * * * she would owe $226.39 to him for support of the 14-year-old, and he would owe $389.10 to her for the support of the 10-year-old, the difference is about $72, *890 and I have decided that she's entitled to some advantage, and I'm awarding her $100 a month extra for Mr. Matherne to pay."
The plaintiff contends the court erred in failing to include in the defendant's gross income the $1,000 per month earned by his second spouse, who is in a community property regime with the defendant. In response, the defendant argues the decision to exclude the second spouse's income was within the discretion of the trial court.
R.S. 9:315, which defines various terms used in the child support guidelines statutes, states:
"(6) `Income' means:
(a) Actual gross income of a party, if the party is employed to full capacity; or
(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. * * *
(c) The court may also consider as income the benefits a party derives from remarriage, expense-sharing, or other source."
The defendant argues that the use of "may" in Subparagraph (c) makes inclusion of a second spouse's income discretionary.
When the issue arose during the hearing of this matter, the judge stated, "Please be advised that as far as I'm concerned, it goes to the question of whether his expenses outweigh the requirement of this Act to take into account his gross income and his wife's gross income." A few minutes later, however, as the plaintiff's counsel attempted to question Mr. Matherne as to how much of the household expenses were paid by his second spouse, the judge cut off this line of questioning, stating, "I'm not giving him credit for having any expenses. I'm taking his gross income, and I'm notI don't care what his expenses are."
The evidence established that, although the defendant's second wife does not pay any of the household bills directly, her salary is deposited into their joint checking account. The children of the defendant's marriage to the plaintiff are insured through the second wife's insurance plan at a cost of $50 a month. The adult daughter of the second wife lives rent-free in their home and does not contribute to the household expenses.
LSA-R.S. 1:3, which explains how the revised statutes shall be construed, provides that the word "shall" is mandatory and the word "may" is permissive. Thus, the defendant is correct in stating that the trial judge has discretion whether to consider benefits from remarriage or expensesharing. The standard for reviewing this decision is whether the judge abused his discretion.
The income earned by the second wife, which is community property, increases the defendant's monthly household income by approximately 38%. This is a significant amount; thus, we conclude the trial judge abused his discretion in failing to consider the benefits derived by the defendant from this additional income.
Accordingly, we must recalculate the amount of child support due to the plaintiff. To do so we follow the mandate of R.S. 9:315.8(F) and employ the worksheet set forth in R.S. 9:315.15. We have included within the defendant's income the amount of the second wife's salary, increasing his gross income to $3,610 per month.

 WORKSHEETCHILD SUPPORT OBLIGATION
 Petitioner Respondent Combined
1. MONTHLY GROSS INCOME $1,915.00 $3,610.00
 a. Minus preexisting child support payment - 0 - 0
 b. Minus preexisting spousal support payment - 0 - 0
2. MONTHLY ADJUSTED GROSS INCOME $1,915.00 $3,610.00 $5,525.00
3. PERCENTAGE SHARE OF INCOME (Line 2.
 Each party's income divided by Combined
 Income.) 35% 65%

*891
 Petitioner Respondent Combined
4. BASIC CHILD SUPPORT OBLIGATION (Apply
 line 2 Combined to Child Support Schedule) $1,167.00
 a. Net Child Care Costs (Cost minus Federal
 Tax Credit) + 200.00
 b. Child's Health Insurance Premium Cost + 50.00
 c. Extraordinary Medical Expenses (Uninsured
 Only) (Agreed to by parties or by
 order of court) + 0
 d. Extraordinary Expenses (Agreed to by
 parties or by order of court) + 0
 e. Optional. Minus extraordinary adjustments
 (Child's income if applicable) - 0
5. TOTAL CHILD SUPPORT OBLIGATION
 (Add lines 4, 4a, 4b, 4c, and 4d; Subtract
 Line 4e.) $1,417.00
6. EACH PARTY'S CHILD SUPPORT OBLIGATION
 (Multiply line 3 times line 5 for
 each parent.) $ 496.00 $ 921.00

Due to the custody arrangement in this case, in which each parent is custodian of one child, it is appropriate to halve the amounts shown on line 6 of the worksheet. Thus, the plaintiff owes the defendant $248 per month for support of the older boy, while the defendant owes the plaintiff $460.50 per month for support of the younger boy. Setting off these amounts against each other leaves the defendant owing the plaintiff a balance of $212.50 per month. This is the amount of child support due under the guidelines.
Under R.S. 9:315.1, there is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of child support, but a court may deviate from the guidelines if application of the guidelines would be not be in the best interest of the child or would be inequitable to the parties. Given our recalculation of the figures involved here, we find the amount of child support obligation, as refigured, is appropriate.
We find no merit to the plaintiff's second and third assignments of error. The claim that the trial judge should have assessed community debts of the second household against the second wife is vitiated by our inclusion of the second wife's income in the defendant's income. The claim that the trial court's ruling places the two children in inequitable circumstances is abated by our use of the child support worksheet, under which the children are allotted equal shares in the amount due.
For the foregoing reasons, the judgment of the trial court is amended to increase the amount due by Seymour P. Matherne to the plaintiff for support of Christopher P. Matherne to Two Hundred Twelve and Fifty-Hundredths ($212.50) Dollars per month. In all other respects the judgment is affirmed. The costs of this appeal are assessed against the defendant-appellee.
AMENDED AND AFFIRMED.