591 So.2d 396 (1991)
Vicky Lynn Irby NORRED, Plaintiff-Appellee,
v.
Robert Clayton NORRED, Defendant-Appellant.
No. 23045-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1991.
Writ Denied February 14, 1992.
Hamilton & Carroll by Orlando N. Hamilton, Jr., Oak Grove, for defendant-appellant.
McGlinchey, Stafford, Cellini & Lang by James C. Crigler, Jr., Lake Providence, for plaintiff-appellee.
Before MARVIN, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
Robert Norred appeals from a judgment increasing his child support obligations from $500 to $600 per month. Appellant contends that the trial court erred in including the entire income of both parents and their respective spouses in calculating his portion of child support for his two minor children. He further contends that in calculating the child support obligations, the trial court erred in failing to give him credit for health insurance premiums which he paid for the two minor children. We affirm in part and remand.

*397 FACTS
On July 20, 1987, Vicky Norred and Robert Norred were divorced and custody of their two minor children, Aimee Leanne and Amber Lynn, was awarded to the parties jointly. Robert Norred's child support obligation was fixed at $400 per month ($200 per child per month).
On October 13, 1989, Robert Norred filed a motion to amend the joint custody implementation plan to provide for additional visitation. In response to that motion, Vicky Norred petitioned for an increase in child support. On December 21, 1989, judgment was rendered amending the joint custody implementation plan and increasing child support to $500 per month ($250 per child per month).
Robert Norred appealed that portion of the judgment which increased his monthly child support obligation. Vicky Norred answered the appeal and sought additional child support and reversal of the trial court judgment which granted additional visitation to Robert Norred. Vicky Norred argued that the additional visitation was not in the best interest of the children.
On December 5, 1990, this court reversed the part of the judgment increasing child support because of the trial court's failure to follow the statutory guidelines set forth in LSA-R.S. 9:315, et seq., and affirmed that part of the judgment which modified custody during holidays. Norred v. Norred, 571 So.2d 702 (La.App. 2d Cir. 1990). The case was then remanded with instructions to the trial court to comply with the statutory guidelines.
Following a hearing on this matter, the trial court ordered the judgment amended to provide that Robert Norred would pay to Vicky Lynn Norred $600 per month ($300 per child per month). The trial judge, in his written reasons for judgment, stated that he found nothing to support Robert Norred's position that the child support award should only be based on one-half of the income of the parents. He concluded that in reading the statute, it seems clear that the full gross income of the parents and their spouses is to be used in calculating child support obligations. We agree.

CHILD SUPPORT
The pivotal question on appeal is whether the trial court abused its discretion by including the entirety of the income of the parties and their respective spouses in calculating the parents' child support obligations.
The child support guidelines are set forth in LSA-R.S. 9:315, et seq., and are to be used in any proceeding to establish or modify child support filed after the October 1, 1989 effective date. Because this rule to increase child support was filed on November 7, 1989, the guidelines are applicable.
The child support guidelines establish the "basic child support obligation" for one or more children based on the "combined adjusted monthly gross income" of the parents, LSA-R.S. 9:315. There is a rebuttable presumption that the amount of child support determined by the use of the guidelines is the proper amount. LSA-R.S. 9:315.1(A).
If the court finds that the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties, it may deviate from the guidelines but "shall give oral or written reasons for the deviation ... [which] shall be made part of the record of the proceeding." LSA-R.S. 9:315.1(B). It is within the court's discretion to consider as income the benefits a party derives from remarriage, expense-sharing or other sources. LSA-R.S. 9:315(6)(c)[1]
Appellant contends that each parent in this case should properly be considered as *398 having a gross monthly income consisting of that parent's one-half undivided interest in and to the community income enjoyed by such parent and their present spouse. He urges further that the required child support should be based only on the gross monthly income of the parents of the children. We find that the cases appellant cites in support of these contentions are inapplicable because they were decided before the guidelines were enacted.
Our brethren in the Fifth Circuit recently addressed a similar issue in Matherne v. Matherne, 571 So.2d 888 (La.App. 5th Cir. 1990) where the court held that the abuse of discretion standard is to be used in reviewing the decision of a trial judge in considering benefits derived from remarriage or expense-sharing in computing "income" under the child support guidelines.
Upon review of the trial court work sheets, the court of appeal found that the income earned by the second wife of Mr. Matherne was community property which increased Mr. Matherne's monthly household income by approximately 38 percent. The court opined that this significant amount of additional income should have been considered by the trial judge in fixing child support. The court held that the trial judge abused his discretion in failing to consider the benefits derived by Mr. Matherne from the additional income. The court recalculated the amount of child support after including the second wife's entire income on the work sheet. The child support judgment was amended accordingly.
In the instant case, the record indicates the trial judge made the following findings of facts:
(1) the monthly gross income of the mother, Vicky Lynn Norred and her present spouse is $3,333;
(2) the monthly gross income of the father, Robert Clayton Norred and his present spouse is $2,836;
(3) the monthly gross income of the mother and her spouse is reduced by $500 as a result of a preexisting child support obligation of her husband and by $250 per month as a result of preexisting spousal support obligation of her husband resulting in the monthly adjusted income of $2,583;
(4) the combined monthly adjusted gross income of the parties is $5,419;
(5) the mother's percentage of such income is 47.66 percent and the father's share is 52.34 percent of such income;
(6) the basic child support of the parents is $1,146;
(7) the mother's share of such child support obligation is $546.18 and the father's share is $599.82;
(8) the child support obligation of the noncustodial parent, the father, is therefore rounded to $600.
Based on the record before us and the persuasive rationale of Matherne, supra, we can not say that the trial court abused its discretion in including the entirety of the income of the parties and their respective spouses in calculating each parent's child support obligation for the two minor children. The trial court uniformly applied the guidelines to each parent in determining the child support obligation.
In appellant's second assignment of error, he argues that the trial judge erred in failing to give him a $31.48 credit for health insurance premiums he paid for his two children. The record contains evidence that appellant maintained the health insurance as ordered by the court in the December 21, 1989 judgment but there is no testimony regarding the amount of premiums paid by appellant. Additionally, appellant has failed to identify any exhibit admitted at trial which supports his claim for the $31.48 per month credit. The judgment is silent as to what consideration, if any, the trial court gave to appellant's claim for the health insurance credit.
LSA-R.S. 9:315.4 provides that the cost of health insurance premiums incurred on behalf of the child shall be added to the basic child support obligation. We therefore find that the appellant is entitled to a credit because the record firmly establishes that he has provided health insurance coverage for the children. Given the incompleteness of the record, we remand the case to the trial court for the parties to *399 stipulate to the amount of the credit or to fix the amount by contradictory rule. Once the amount of the credit is established, the trial court is directed to enter a judgment consistent with its original child support calculation but which gives appellant credit for the monthly health insurance premiums he pays on behalf of the two minor children. In all other respects, the judgment is affirmed.

CONCLUSION
For the reasons stated, we affirm that part of the judgment which fixed the amount of child support in accordance with LSA-R.S. 9:315, et seq, and remand to the trial court for a fixing of the amount of appellant's health insurance premium credit. Costs of this appeal are assessed equally against appellant and appellee.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] LSA-R.S. 9:315(6)(c) was recently amended by Act 854 of the 1991 Regular Session, effective September 6, 1991, LSA-R.S. 9:315(6)(c) now reads:

(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.