DUFRESNE, Judge.
Defendant, Steve T. Kliebert appeals the judgment of the trial court awarding his former wife, Joyce H. Kliebert (Mrs. Klie-bert) past due alimony in the sum of $9,000.00 and past due child support in the sum of $16,370.00. This judgment requires Mr. Kliebert to pay off this amount at the rate of $424.00 per month. Mr. Kliebert has appealed.
The parties herein were married and three children were bom. They later divorced on June 6, 1975 and Mrs. Kliebert was awarded sole custody of their minor children. He was ordered to pay alimony of $150.00 per month and child support of $275.00 per month in globo.
Mrs. Kliebert reared and supported her children alone. After the youngest child reached 18 years of age on January 29, 1991, she filed a rule to make past due child support and alimony executory. On May 22, 1991, the trial court awarded Mrs. Kliebert $25,370.00 in past due alimony and child support.
Mr. Kliebert’s “mitigating circumstances” which he offers as evidence to justify his failure to pay is his allegation that his former wife denied him visitation and that he did not know her whereabouts. Furthermore, he claims the support and alimony awards were extra-judicially modified by the parties.
The record is void of any evidence where the parties “clearly agreed” to suspend, modify or terminate the prior judgments of the trial court. Dubroc v. Dubroc, 388 So.2d 377 (La.1980) and Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir.1983).
Moreover, the burden of proof is on the party claiming an agreement to modify support. Ramos, supra.
Furthermore, Mrs. Kliebert’s acquiescence in a father’s failure to pay child support does not equate to a waiver of such support. Dubroc, supra.
We are not convinced that Mr. Klie-bert’s support should be offset by the fact that he bought gifts to his children, such tendering is not compliance with a court’s decree of child support. Child support can be satisfied by payment to the parent having custody Dunn v. Dunn, 546 So.2d 819 (La.App. 5th Cir.1989); also, Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3rd Cir.1981).
Mr. Kliebert contends that the trial court erred in not delineating the amount of past due child support and past due alimony. The court’s reasons for judgment state the amount of monthly child support and the amount of monthly alimony and make it clear that the five year arrearage was awarded less the $130.00 child support that was paid by Mr. Kliebert.
*1354 The court also recognized as a matter of law that alimony and child support beyond five years had prescribed.
We find no error in the trial court’s judgment and accordingly, affirm.
AFFIRMED.