716 So.2d 46 (1998)
Coleen Faubion MARTIN, Plaintiff-Appellee,
v.
Russell L. MARTIN, Defendant-Appellant.
No. 98-165.
Court of Appeal of Louisiana, Third Circuit.
June 3, 1998.
*47 Edward B. Broussard, Abbeville, for Coleen Faubion Martin.
Allan Dale Smith, James Francis Slaughter, Colfax, for Russell L. Martin.
Before DOUCET, C.J., and DECUIR and AMY, JJ.
DOUCET, Chief Judge.
Russell L. Martin (Russell) seeks review of a trial court judgment setting his child support obligation, making the award retroactive to the date of filing of the petition for divorce, awarding arrearages, and finding him in contempt of court for failing to pay the full amount of the interim support award.
Russell married Coleen Faubion Martin (Coleen) on December 18, 1982, in Rapides Parish. They established their matrimonial domicile in Lafayette Parish. They had three children. All are minors. Russell and Coleen separated and filed for divorce once previous to this action. They reconciled and again separated. Coleen filed this action for divorce on August 23, 1995. The two were divorced by a judgment rendered on November 9, 1995. The judgment ordered Russell to pay temporary child support of $675.00 per month until a hearing on the matter could be had.
*48 The Fifteenth Judicial District Court's hearing officer for support-related matters set a hearing to determine the appropriate amount of child support. The matter, originally set for January 29, 1996, was continued due to Russell's failure to appear at the hearing. The hearing was held on April 26, 1996. After examining the affidavits of income and expenses submitted by the parties and applying the child support guidelines, the hearing officer recommended, among other things, that Russell pay child support in the amount of $900.00.
Russell filed an exception to the hearing officer's recommendation. He also filed a rule for contempt and change of custody, alleging that Coleen had interfered with his court-ordered visitation and that she had hidden the children from him. Coleen had earlier filed a rule for contempt and past due child support in connection with Russell's failure to pay the full amount of the temporary child support. Russell also filed a rule to reduce his child support obligation.
After a hearing, on November 12, 1996, the trial judge entered a judgment ruling on a number of issues. Those relevant to this appeal are as follows: The trial judge set child support at $840.00 per month, beginning August 23, 1996, and denied Russell's rule for a reduction. He further granted Coleen's rule for past due child support and found Russell to be $3000.00 in arrears. Additionally, he found Russell in contempt of court for failure to pay the full amount of the child support ordered and ordered him to serve thirty days in jail. However, he suspended the sentence on the condition that Russell pay the arrearage within six months. He assessed Russell with $250.00 in attorney's fees. Russell appeals.

CHANGE OF TEMPORARY CHILD SUPPORT AWARD
Russell argues that the trial court should not have increased the existing award of child support in the absence of a change of circumstances. La.R.S. 9:315.1(C) (emphasis added) states, in pertinent part, that:
C. In determining whether to deviate from the guidelines, the court's considerations may include:
(5) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this Part and may redetermine support without the necessity of a change of circumstances being shown.

Having made a temporary order of support under this provision, the court in this case was correct in determining the appropriate support without requiring that a change in circumstances be shown.
Russell further alleges that it was not appropriate to award an increase in child support where none was requested. In this case, however, the court, in the judgment complained of, made a first determination of the appropriate amount of the award. Therefore, there was no need for Coleen to file a motion for an increase. Russell further alleges that Coleen did not request an award of child support in her petition for divorce. The petition in this matter clearly asserts Colleen's need for and entitlement to an award of support. Although not clear, it is possible that Russell is complaining of the failure of the petition to include the demand in the prayer for relief. We do not believe that the law requires such a technical form of pleading. La.Code Civ.P. art. 862 provides that: "Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." Coleen's petition clearly states her demand for child support. Therefore, the matter was properly before the trial court.

INCOME DETERMINATION
Russell further asserts that the trial court erred in calculating the amount of child support due. He first argues that the court erred in finding that he had income of $2,500.00 per month. After reviewing the evidence of record, we find no error in the trial court's ruling. Russell previously worked in construction, earning income averaging in excess of $2500.00, even though he had frequent periods of unemployment from *49 his construction work. In fact, in 1995 he worked only nine months and made $35,000.00. While at the time of trial he was working for less money installing TV systems, his testimony indicates that he could be called back to his construction work at any time and had never failed to accept the employment. "The district court's conclusions of fact regarding financial matters underlying an award of child support will not be disturbed in the absence of manifest error. Timmons v. Timmons, 605 So.2d 1162 (La. App. 2d Cir.1992) [,writ denied, 608 So.2d 195 (La.1992)]; Miller v. Miller, 475 So.2d 40 (La.App. 2d Cir.1985)." Havener v. Havener, 29,785 (La.App. 2 Cir. 8/20/97); 700 So.2d 533, 539. After reviewing the record herein, we find no error in the trial court's determination of Russell's income.
Russell further argues that the trial court erred in calculating Coleen's income. However, our review reveals no error in the trial court's determination. While Coleen previously earned more, the evidence adduced at the hearing showed that her earning capacity was diminished due to an injury. Therefore, the court correctly set her income at $3,864.00 per month.

PRIVATE SCHOOL EXPENSE
Russell contends that the trial court erred in including the tuition for the children's attendance at private school in his calculation of the child support obligation, absent a showing that "the particular educational needs" of the children require that they attend private school.
LSA-R.S. 9:315.6 addresses certain extraordinary expenses which may be added to the basic child support obligation and provides, in pertinent part, as follows:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.
In the absence of an agreement by the parties, in order to warrant the inclusion of private school tuition expenses in a child support award, some evidence must be presented to show a particular educational need of the child which is met by attendance at a private school. Bertrand v. Bertrand, 637 So.2d 531, 534 (La.App. 1st Cir.1993); Guillory v. Ventre, 610 So.2d 1056, 1060 (La.App. 3rd Cir.1992), writ denied, 613 So.2d 992 (La.1993). A trial court's decision to add these expenses to the basic child support obligation will not be disturbed, unless it is an abuse of the trial court's discretion. See Bertrand v. Bertrand, 637 So.2d at 534.
....
.... A particular educational need of a child to remain in private school includes consideration of the child's history of attending a private school and whether a continuation of the child's education in that setting is in the child's best interest. Campbell v. Campbell, 95-1711, p. 11 (La. App. 1st Cir. 10/10/96); 682 So.2d 312, 320; Buchert v. Buchert, 93-1819, p. 12 (La. App. 1st Cir. 8/26/94); 642 So.2d 300, 307. A child's successful continuation of his or her education in a proven academic environment is generally found to be in his or her best interest. Campbell v. Campbell, 682 So.2d at 320.
Valure v. Valure, 96-1684, pp. 3-4 (La.App. 1 Cir. 6/20/97); 696 So.2d 685, 687-688.
Here, as in Valure, there was undisputed testimony that the children had always attended private school. Further, Coleen testified that the youngest suffers from attention deficit disorder and particularly benefits from the smaller teacher/student ratio available at the private school. As a result, we find that the record shows that attendance at a private school best suits the children's educational needs. Accordingly, we affirm the trial court's inclusion of the private school expenses in the calculation of the child support award.

OFFSET FOR REPAIRS TO FAMILY HOME
Russell further argues that amounts he paid for repairs to the family home to prepare it for sale should be offset against any arrearage because Coleen agreed to accept *50 this in lieu of child support. He further argues that the court erred in finding him in contempt and in awarding attorney's fees.
In order to prove a modification through an agreement, the party claiming such must clearly prove that the agreement meets the requisites of a conventional obligation, and that it does not interrupt the child's maintenance or upbringing or otherwise work to his/her detriment at the time it was made. Trisler v. Trisler, 622 So.2d 730 (La.App. 1 Cir.1993).
Guillory v. Guillory, 97-354, p. 5 (La.App. 3 Cir. 10/29/97); 702 So.2d 1079, 1082. Further, "[f]ailure to protest or acquiesce in a unilateral reduction does not defeat an action for arrearages or amount to a waiver." New v. New, 93-702, p. 7 (La.App. 5 Cir. 1/25/94); 631 So.2d 1183, 1187, writ denied, 94-0470 (La.4/4/94); 635 So.2d 1113. The testimony herein cannot be construed as a clear and specific agreement between the parties. Rather, as in New, it appears that Russell made a decision and Coleen acquiesced in it more or less.
Except under a few exceptional circumstances noted in the jurisprudence, child support is satisfied only by payment to the parent to whom it is due. See Kliebert [v. Kliebert, 590 So.2d 1352 (La.App. 5 Cir. 1991)], supra; Hendrix [v. Hendrix, 457 So.2d 815 (La.App. 1 Cir.1984)], supra. Payment to third parties will not satisfy that obligation, Hendrix, supra, and Byrd [v. Byrd, 617 So.2d 182 (La.App. 3 Cir. 1993)], supra, although the former husband is entitled to credit for payments made directly on behalf of the children and at the request of the wife. Dunn v. Dunn, 546 So.2d 819 (La.App. 5 Cir.1989); Keefe v. Keefe, 559 So.2d 987 (La.App. 5 Cir. 1990).
Id.
Under the circumstances, we will not overturn the trial court's decision that Russell be required to pay the full amount of child support in spite of the purported agreement to use the money in another fashion.
However, we do not believe that Russell should have been held in contempt for his failure to pay the full amount of the support.
La.Code Civ.P. art. 224 provides in pertinent part:
Any of the following acts constitutes a constructive contempt of court:
....
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
The trial court must find that the party's violation was "wilful" in order to hold him or her in contempt, that is, the party must have "intentionally, knowingly and purposely acted or failed to act," Riley v. Pennix, 442 So.2d 563, 565 (La.App. 1st Cir.1983). See Alagdon v. Guertin, 97-0235 (La.App. 4 Cir. 10/1/97); 701 So.2d 480. Given the facts of record, we cannot say that Russell "intentionally, knowingly and purposely acted" to violate the court's child support order. Therefore, the ruling finding Russell in contempt is reversed.
However, Coleen is entitled to attorney's fees. LSA-R.S. 9:375 provides:
A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
Having found that the trial court did not err in finding that Russell was in arrears in his child support obligation, we find no error in the award of attorney's fees.

RETROACTIVITY
Russell further asserts that the trial court erred in making the award of child support retroactive to August 23,1996. La. R.S. 9:315.21(B) provides, that:
(1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.

*51 (2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown.
Under these provisions, because this was a final child support award and because an interim child support allowance award was in effect on the date of the judgment, the judgment should not have been made retroactive. Accordingly, we will reverse the provision of the judgment making the award retroactive and amend the trial court judgment to make the award of child support effective from the date the judgment was signed.
Having so found, we further find that the trial court erred in awarding arrearages based on the retroactivity of the award.

COLEEN'S CONTEMPT
Russell argues that the court erred in failing to find Coleen in contempt for interfering with his visitation. The Fifth Circuit in Legrand v. Legrand, 455 So.2d 705, 709 (La.App. 5 Cir.1984) cited the following authority, concerning a similar allegation:
In Robertson v. Robertson, 258 So.2d 125 (La.App. 2nd Cir.1972), a case involving alleged interference with visitation rights, the court held that the trial judge's denial of contempt penalties was solely within his authority, stating at page 127:
"... A proceeding against a party to show cause why he should not be punished for contempt in refusing to obey the orders of a court is not designed for the benefit of a litigant, though infliction of a punishment may inure to the benefit of the mover in the rule. The object of the proceeding is to vindicate the dignity of the court. State ex rel. Duffy & Behan v. Civil District Court for Parish of Orleans, 112 La. 182, 36 So. 315 (1904). The court below did not feel its dignity had been impeached, and it is not our place to say otherwise."
See also Welborne v. Welborne, 29,479 (La. App. 2 Cir. 5/7/97); 694 So.2d 578, writs denied, 97-1800 (La.10/13/97); 703 So.2d 621, 97-1850 (La.10/13/97); 703 So.2d 623.
Applying this reasoning to the case before us, if the trial court did not feel that its dignity was impeached by Coleen's behavior, it is not our place to say otherwise. Accordingly, we will not disturb the ruling of the trial court on this point.

CONCLUSION
For the forgoing reasons, that portion of the trial court's judgment making the final child support award retroactive to the date of filing of the petition for divorce is reversed. That portion of the judgment awarding past due child support is amended to reflect a past due support obligation of $775.00. Further, that portion of the judgment finding Russell to be in contempt of court is reversed. The judgment is affirmed in all other respects.
Costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.