h SULLIVAN, Judge.
Jerry Jones, Jr. appeals a trial court judgment awarding his former spouse, Melanie Jones Conner, $8,100 in past due child support. For the following reasons, we affirm.
Discussion of the Record
Jerry and Melanie divorced on January 6, 1993, after five years of marriage. The judgment of divorce awarded the parties joint custody of their two children, with Melanie designated as the domiciliary parent. A second judgment of May 26, 1994 maintained the prior joint custody arrangement and ordered Jerry to pay child support of $500 per month.
UOn December 28, 1994, Jerry filed a rule to change custody. This rule was settled on February 23, 1995, when the parties reached a stipulation that was transcribed in open court. The stipulation provided that the parties would be named eo-domiciliary parents, but the children would reside with Jerry, and Melanie would have visitation three weekends a month. In the stipulation, Jerry agreed to pay Melanie child support of $300 a month. The stipulation also provided:
Further, Your Honor, it is understood and stipulated and agreed to by both parties that this plan will be in effect for a period of six months; that at the end of the fifth month, which will be approximately July 23, 1995, that if either party desires to have a court litigation of this matter, that they must give the other party notice before that date, before July the 23rd, 1995, and then the court will of course be aware then and set a trial date at the court’s discretion.
(Emphasis added.)
Counsel for both parties exchanged proposed judgments, but neither could agree on a final draft. More than two years after the stipulation, on May 30, 1997, with Jerry and Melanie each represented by different attorneys, the trial court finally signed a formal judgment that contained the following language:
*96 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this plan will be in effect for a period of six (6) months. No later than July 23,1995, either party is to notify the other party of his/her intent to have a Court litigation of this matter, and set a trial date at the Court’s discretion. If the plan is working out, and there is no request by the parties to further litigate this matter, the same order will stay in effect after six (6) months.
(Emphasis added.)
On July 18, 1995, Jerry’s counsel at that time sent the following letter to Melanie’s counsel:
Please be advised that plaintiff, Jerry G. Jones, Jr., intends to file appropriate pleadings in the above matter to modify the judgment of the Honorable Court, rendered on February 23, 1995, with regard to child |3support, child custody, visitation and income tax dependency exemptions.
(Emphasis added.)
Jerry stopped making child support payments in July of 1995. The children continued to live primarily with him, although the extent of Melanie’s visitation is unclear from the record. However, Jerry did not file any pleadings to modify the February 23, 1995 stipulation until November 25, 1997. Jerry first asked for sole custody, termination of the previously set child support, and child support from Melanie. In a first amending rule filed on January 21, 1998, Jerry asked that he be reimbursed for one-half of the expenses that he has paid for the children’s education, day care, and medical care. On January 23, 1998, Melanie filed a rule for past due child support, attorney fees, and contempt. On January 30, 1998, Jerry answered the rule, seeking a credit for all expenses that he had previously paid. On February 2,1998, Jerry filed an amended answer denying liability for any past due child support based upon the language of the stipulation.
On the day of trial, Jerry and Melanie reached an agreement on all issues except past due child support and contempt. After taking the matter under advisement, the trial court found that Jerry was responsible for past due child support because he did not file for modification of the stipulation for two years and eight months after he ceased child support payments. The trial court also denied Jerry’s request for a credit, but did not find him in contempt. On appeal, Jerry argues that the trial court erred (1) in finding that the stipulation was ambiguous and that Jerry failed to fulfill its requirements; (2) in making Jerry prove that the past due support was not owed; (3) in refusing Jerry a credit for payments made to others on behalf of |4the children between July of 1995 and November of 1997; and (4) in awarding Melanie past due child support of $8,100, with judicial interest from the date each payment was due until paid.
Opinion
In his first assignment of error, Jerry argues the trial court improperly interpreted the stipulation to require the party seeking modification of the judgment to file additional pleadings in court within a reasonable time. We disagree.
It is well settled that a child support award may not be modified or terminated unless: “(1) proper suit is brought; (2) by operation of law; or (3) the parties enter into a conventional obligation suspending the support award.” Sillis v. Hernandez, 608 So.2d 289, 291 (La.App. 3 Cir.1992) (quoting Martin v. Martin, 433 So.2d 364, 365-66 (La.App. 3 Cir.1983)). It is undisputed that Jerry did not seek judicial modification of the February 23, 1995 judgment until November 25, 1997. Further, Jerry does not argue that Melanie agreed to suspend child support. Instead, he testified that he discontinued payments to Melanie because he believed the stipulation was only effective for six months. The trial court, however, found that the stipulation required both notice to the other party and the setting of a trial *97 date within a reasonable time before its provisions could be modified. The trial court then concluded that Jerry’s delay of two years and eight months before seeking judicial modification of the stipulation was unreasonable, considering that the custody and support of his minor children were at stake. We find that the record clearly supports the trial court’s interpretation. In particular, we note (1) the stipulation’s requirement that the notification of the intent to modify be made before the end of the six-month period, (2) the language of the written judgment requiring the party seeking to litigate |sthe matter to notify the other party and to set a trial date, and (3) the letter from Jerry’s counsel stating that’ Jerry intended to “file appropriate pleadings” to modify the judgment. These factors indicate that the parties intended that the stipulation could be modified only after further litigation.
In his second assignment of error, Jerry argues that the trial court erred in requiring him to prove that he did not owe Melanie past due support. An obligee seeking to make past due child support executory has the burden of proving the amount of the arrearages. Kibodeaux v. Kibodeaux, 93-1143 (La.App. 3 Cir. 4/6/94); 635 So.2d 530. In the present case, however, the parties stipulated to the amount in arrears. The disputed issue concerned the continuing validity of the stipulated judgment. We agree with Jerry that Melanie, as the party seeking to collect under the judgment, was required to prove its validity. However, as discussed above, we find that she met this burden. Further, we note that Jerry had the burden of proving any credits to which he was entitled. Widman v. Widman, 93-613 (La.App. 3 Cir. 2/2/94); 631 So.2d 689. Although the trial court’s written reasons could have been more thorough, we find no reversible error on this issue alone.
Jerry next argues that the trial court should have awarded him a credit for the expenses he has paid toward the children’s support. He relies on La.R.S. 9:315.21(D) and our opinion in Daigle v. Daigle, 97-1048 (La.App. 3 Cir. 2/25/98); 710 So.2d 285. In denying the credit, the trial court cited Byrd v. Byrd, 617 So.2d 182 (La.App. 3 Cir.1993), for the principle that a child support obligation is fulfilled only by payment to the obligee.
Enacted by Acts 1993, No. 261, § 7, effective January 1, 1994, La.R.S. 9:315.21(D) provides:
| fiChild support of any kind, except that paid pursuant to an interim child support allowance award, provided by the judgment debtor from the date of judicial demand to the date the support judgment is signed, to or on behalf of the child for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
In Daigle, we allowed the father a credit for payments that he made directly to or on behalf of his children during the two years and eight months between the date the mother filed a rule to increase child support and the date the trial court rendered judgment in the mother’s favor. We allowed such a credit, even though the father had previously made similar payments in addition to the child support paid to the mother.
We find that La.R.S. 9:315.21(D) and Daigle are inapplicable to the present case. The mandatory credit of La.R.S. 9:315.21(D) concerns only support provided between the date of judicial demand and the date that a support judgment is signed. In the instant case, the judgment rendered by the trial court does not establish or modify support, but rather awards arrearages. Although Jerry filed a rule to terminate previously-set child support and to receive child support from Melanie, the parties settled all issues except those raised in Melanie’s rule for past due support. In Daigle, we suggested that the credit in La.R.S. 9:315.21(D) would not apply in an action for child support arrear-ages. Today, we hold that it does not. Construing paragraph (D) with the other *98 provisions of La.R.S. 9:315.21, entitled “Retroactivity of child support judgment,” we find that its purpose is to lessen the impact of a retroactive award or modification of a final child support order. We do not believe the legislature intended paragraph (D) as a means to circumvent a judgment of child support rendered in favor of a specific obligee.
Although we find that the credit of La. R.S. 9:315.21(D) is not available to offset a judgment of child support arrearages, jurisprudence has recognized credits [7for ar-rearages in limited instances. In Martin v. Martin, 98-165, pp. 6-7 (La.App. 3 Cir. 6/3/98); 716 So.2d 46, 50 (quoting New v. New, 93-702, p. 7 (La.App. 5 Cir. 1/25/94); 631 So.2d 1183, 1187, writ denied, 94-470 (La.4/4/94); 635 So.2d 1113) (emphasis added), we recognized:
Except under a few exceptional circumstances noted in the jurisprudence, child support is satisfied only by payment to the parent to whom it is due. See Kliebert [v. Kliebert, 590 So.2d 1352 (La.App. 5 Cir.1991)7, supra; Hendrix [v. Hendrix, 457 So.2d 815 (La.App. 1 Cir.1984)7, supra. Payment to third parties will not satisfy that obligation, Hendrix, supra, and Byrd [v. Byrd, 617 So.2d 182 (La.App. 3 Cir.1993)7, supra, although the former husband is entitled to credit for payments made directly on behalf of the children and at the request of the wife. Dunn v. Dunn, 546 So.2d 819 (La.App. 5 Cir.1989); Keefe v. Keefe, 559 So.2d 987 (La.App. 5 Cir.1990).
In Dunn, 546 So.2d 819, and Keefe, 559 So.2d 987, the fifth circuit permitted both fathers a credit against arrearages for private school tuition, where the mothers testified that the tuition was paid either at their request or with their full knowledge and consent. In Dunn, the mother actually forwarded the tuition bills from the school to the father. However, in Martin, 716 So.2d 46, we refused to allow the father a credit for repairs made to the family home, finding that he unilaterally chose to make the repairs rather than to pay child support.
In the present case, Jerry seeks a credit for expenses that he paid for the children’s medical care and education, including private school tuition. The trial court denied a credit for the medical care, finding that Jerry could have submitted his out of pocket expenses for payment from Melanie’s insurer. Concerning the private school tuition, the trial court also denied this item, finding no evidence of an agreement to send the children to the private school or a particular educational need justifying their attendance. We find no error, as the evidence does not show the | ¡^claimed expenses were paid at Melanie’s request. Although a letter from Melanie’s counsel states that she was pleased when the children subsequently enrolled in public school, the record does not contain similar approval of their attending private school.
We are mindful that equity is in Jerry’s favor, as he has always provided support for his children. However, as stated in New, 93-702 at p. 9; 631 So.2d at 1187: “The courts are not empowered by equity or otherwise to nullify or reduce accumulated alimony until a previous judgment has been amended or reduced by subsequent judgnent or operation of law.”
In his final assignment, Jerry argues that the trial court erred in awarding Melanie $8,100 in past due child support, with interest from the date each payment was due until paid. As the arguments advanced here are cumulative of those discussed above, we again find no error.
Decree
For the above reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.