STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1290


BENITA SMITH SAUCIER CHAMBERS

VERSUS

ERIC PAUL SAUCIER


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 156,729
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Steven Patrick Mansour**
**Attorney at Law**
**P. O. Box 13557**
**Alexandria, LA 71315**
**(318) 442-4855**
**Counsel for Defendant/Appellant:**
**Eric Paul Saucier**

**Randal Bryan Tannehill**
**Tannehill & Sylvester**
**2900 Military Hwy**
**Pineville, LA 71360**
**(318) 641-1550**
**Counsel for Plaintiff/Appellee:**
**Benita Smith Saucier Chambers**

**EZELL, JUDGE.**

In this matter, Eric Saucier appeals the decision of the trial court holding him in contempt of court for the failure to pay child support, ordering him to pay arrearages in the amount of $18,440.11, and ordering him to pay his former wife, Benita Chambers, $2,500.00 in attorney fees for the contempt order. For the following reasons, we affirm the decision of the trial court.

This case has a long and tedious procedural history which will be abbreviated as much as possible. Mr. Saucier and Ms. Chambers were married in 1981. Two children, Adam and Evan, were born of the marriage. The couple was divorced by judgment rendered May 22, 1990. In the divorce judgment, the trial court incorporated a joint custody agreement with Ms. Chambers as primary domiciliary parent. The judgment decreed that Mr. Saucier pay $300.00 per month per child in support, provide health insurance, and pay the first $600.00 in uncovered medical expenses. The parties were to split the cost of excess out-of-pocket medical expenses.

On June 11, 1993, Mr. Saucier filed a rule to change the joint custody plan and to terminate the payment of child support. Ms. Chambers filed a reconventional demand seeking an increase in child support. A judgment was signed on August 22, 1994, maintaining joint custody with Ms. Chambers as the primary domiciliary parent, but reducing Mr. Saucier's child support obligation to $250.00 per month per child. Ms. Chambers appealed this judgment. The trial court signed an order of appeal on September 26, 1994. On January 11, 1995, the Rapides Parish Clerk of Court notified Ms. Chambers that the transcript of the hearing had been lost and no tape recording of the hearing could be found.

On June 12, 1995, Ms. Chambers filed in the district court a motion to refix the case for a hearing. Therein, she represented that Judge Metoyer, the presiding trial

court judge at the time, was only hearing cases on the criminal docket since the judgment and could not issue a written narrative of facts for purposes of the appeal due to a lack of scheduling flexibility. Judge Metoyer signed an order referring the case to Judge Foote for a hearing to be scheduled by Judge Foote.

After a series of motions and counter-motions, Ms. Chambers filed in this court a motion to remand the case to the district court on November 9, 1995. On December 20, 1995, this court granted Ms. Chambers' motion and, pursuant to La.Code Civ.P. art. 2161, remanded the case to the district court "for correction of the record, if possible, and in the alternative, a retrial of the hearing." *Saucier v. Saucier*, 95-1501, p.2 (La.App. 3 Cir. 12/20/95), 666 So.2d 1191, 1192.

Judge Foote determined that it would be impossible to correct the record because the tapes of the prior hearing were lost and Judge Metoyer could not accurately report his findings for purposes of the appeal. Judge Foote decided to have the parties relitigate the matter with Judge Metoyer's August 22, 1994 order being treated as a provisional order.

On July 29, 1997, the trial court rendered written reasons for judgment maintaining joint custody with Ms. Chambers designated as the primary domiciliary parent. On the issue of child support, the trial judge ordered Mr. Saucier to pay $250.00 per month per child and one-half of school tuition and tutoring expenses. He also decreed that Mr. Saucier provide health insurance and pay one-half of the non-covered medical expenses. Mr. Saucier and Ms. Chambers both appealed this judgment.

In *Saucier v. Saucier*, 98-659 (La.App. 3 Cir. 10/7/98), 719 So.2d 702, this court found that the trial court failed to properly calculate the child support award according to the guidelines established by La.R.S. 9:315-315.47. Using the

1

worksheet found in La.R.S. 9:315.15, we ruled that Mr. Saucier:

> [M]ust pay $824.56 per month for the support of his children, Adam and Evan. He must continue to pay their health insurance premium, but is no longer obligated to pay Adam's private school tuition on his own. Additionally, the parties are to share in the payment of any out-of-pocket medical expenses and tutoring costs in accordance with their relative income percentages. This judgment is made retroactive to the date of our prior remand order, December 20, 1995. Any and all amounts paid by Eric to support his children from that date to the date of this judgment shall be credited to him pursuant to La.R.S. 9:315.21(D).

719 So.2d at 709.

On September 20, 2004, Ms. Chambers filed a rule for contempt alleging that Mr. Saucier made only partial payments on his monthly obligation as set out by this court and was in arrears in the amount of $11,760.67. She further alleged that since January of 2004, Mr. Saucier has stopped making any child support payments and was in arrears in the amount of $6,679.44. She also sought attorney fees for the prosecution of this matter. Mr. Saucier sought adjustments to his child support obligation for all amounts paid to third parties during the period between the December, 1995 and October, 1998, and for the period wherein Adam did not live with his mother and became legally emancipated.

The trial court, the third district court judge to hear this matter, ruled that Mr. Saucier was not entitled to any credit for payments made during the 1995 to 1998 period in question and that Mr. Saucier was not entitled to any reduction concerning the oldest child, as the award made by this court was an in globo award of support. The trial court held Mr. Saucier in contempt of court and awarded Ms. Chambers $18,440.11 in arrearages and $2,500.00 in attorney fees. From this decision, Mr. Saucier appeals.

On appeal, Mr. Saucier asserts five assignments of error. He claims that the trial court erred in failing to credit any and all amounts paid to support his children

2

from December 1995 until October 1998; he claims that the trial court erred in holding his child support obligation was not reduced when his eldest child turned eighteen; that the trial court erred in failing to credit him for excess payments of medical bills above his obligation; that the trial court erred in failing to credit him for excess payments of school tuition and tutoring; and that the trial court erred in holding he committed a willful contempt of court warranting attorney fees. For the following reasons, we disagree with Mr. Saucier.

Mr. Saucier first claims that the trial court erred in failing to credit him for every payment he made on behalf of his children between the date of the remand in 1995 and the October 1998 judgment. We disagree. Except under a few exceptional circumstances, child support is satisfied only by payment to the parent to whom it is due. *Casey v. Casey,* 02-246 (La.App. 4 Cir. 5/22/02), 819 So.2d 1108. Payment to third parties will not satisfy that obligation, although the obligor is entitled to credit for payments made directly on behalf of the children and at the request of the obligee. *New v. New*, 93-702 (La.App. 5 Cir. 1/25/94), 631 So.2d 1183, *writ denied*, 94-470 (La. 4/4/94), 635 So.2d 1113. "The jurisprudence has established beyond doubt that justice or equity does not operate to nullify or reduce an accumulated support award until the judgment is altered by subsequent judgment or operation of law." *Casey, 819 So.2d* at 1112-13.

Mr. Saucier did not dispute the $11,760.67 in arrears that was created by our 1998 ruling. Furthermore, he freely admits that he never paid anything toward this amount. He did, however, claim that he was entitled to credits over and above child support based on our prior ruling in this matter. We find that this court, in its earlier decision, meant that Mr. Saucier should be credited only for the actual child support payments he was making to Ms. Chambers, $500.00 per month; not that Mr. Saucier

is entitled to a credit for every penny he spent on his children during the time period involved. Simply put, amounts spent on school pictures and birthday parties may not be deducted at will from court-ordered child support payments. The trial court committed no error in its ruling.

Mr. Saucier next claims that the trial court erred in holding his child support obligation was not reduced when his oldest child reached eighteen or was legally emancipated. We disagree. While the first two, incorrect child support awards were made on a per child basis, the award issued by this court in October 1998 was clearly an in globo award. An in globo support award for two or more children "shall terminate automatically and without any action by the obligor when the *youngest* child for whose benefit the award was made attains the age of majority or is emancipated relieving the child of the disabilities attached to minority." La. R.S. 9:315.22 (B)(emphasis added). "A reduction in child support is not automatic each time one of several children reaches the age of majority, nor even when all minor children for whom support has been ordered reach the age of majority." *Hester v. Hester*, 01-380, p.9 (La.App. 4 Cir. 12/12/01), 804 So.2d 783, 789, *writ denied*, 02-92 (La. 3/22/02), 811 So.2d 934. "The amount of child support remains the same even after the oldest child reaches majority until such time as the obligor moves the court for and is granted a judgment reducing the in globo amount." *Id.* Mr. Saucier's only remedy was to move the court for a reduction at the time his son was emancipated. However, since he failed to do so, he is not entitled to any reduction at this time.

Mr. Saucier next claims that he should have been credited for excess medical payments beyond his obligation. His evidence consisted mostly of cancelled checks with no indication that the payments were made in favor of the children. Although the trial court did not address this issue specifically in its reasons for judgment, it is

4

clear that the trial court found that Mr. Saucier failed to meet his burden of proof as to this claim. There is nothing in the record to indicate that this finding was in error.

Mr. Saucier next claims that he is entitled to a credit for payments for tuition and tutoring above that which he was obligated to pay. This claim as to tuition is, at best, disingenuous. In this court's previous ruling, we calculated the amount of child support including private school tuition, which was $160.00 per month at that time. Mr. Saucier's part of that came to $82.40. Following that judgment, the parties entered into a consent agreement whereby they each agreed to pay half the amount of the children's education, payable by each directly to the school, in order to prevent the need for any relitigation any time there was an increase or decrease in the cost of tuition. In order to facilitate this, Mr. Saucier's monthly child support obligation was reduced by his original share of tuition, $82.40, to $742.16. Mr. Saucier is now seeking to claim a credit for any amount paid above the original $82.40 he was obligated to pay. In no way is he entitled to any such credit. Despite Mr. Saucier's apparent inability to understand why he is obligated to pay half the cost of his children's education, under the clear, unmistakable terms of the consent agreement, Mr. Saucier is obligated to "share equally" the amount of tuition, whatever that amount may be. To claim he owes only $82.40 is absurd and borders on being frivolous. This assignment of error is completely devoid of any merit whatsoever.

As for his claims for tutoring, Mr. Saucier offered only canceled checks to unknown individuals without any other documentation that the expenses were for tutoring. The trial court committed no error in denying his claims for an offset based on this evidence.

Mr. Saucier finally claims that the trial court erred in finding he committed a willful contempt of court and ordering him to pay attorney fees to Ms. Chambers.

5

Again, we disagree. He admitted at trial that he never paid on the arrearages owed between 1995 and 1998. Nor did he ever seek relief from any court for the credits he claimed, he simply did not pay. Furthermore, Mr. Saucier completely stopped paying child support in January 2004 because he alleges he believed "the figure was in dispute." However, when asked why he did not pay any undisputed amount, he simply replied that he did not know. He never sought legal advice on the matter, nor did he file any attempt to change or reduce the award. He unilaterally decided to disobey an order of the court when he decided to stop making child support payments. This resulted in arrearages of $11,874.56 from January of 2004 until the time of trial.[1] We can find no error in the trial court's determination that he was in contempt of court.

For the above reasons, the decision of the trial court is affirmed. Costs of this appeal are assessed against Mr. Saucier.

**AFFIRMED.**

---

[1] Although the amount owed by Mr. Saucier for arrearages since 2004 was $11,874.56 at the time of trial, the trial court awarded only $6,679.44, the amount owed at the time Ms. Chambers filed her rule. However, since she failed to answer Mr. Saucier's appeal to challenge this amount, we may not address this discrepancy. Likewise, Ms. Chambers asks in brief for additional attorney fees for work done on appeal, but again, we may not award her any, as she did not answer the appeal.