WENDY DEBEN MACQUET     *     NO. 2019-CA-1097

VERSUS     *

DOMINIQUE MACQUET     *

    *

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-09440, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

Richard G. Perque
LAW OFFICES OF RICHARD G. PERQUE, LLC
700 Camp Street
New Orleans, LA 70130

    COUNSEL FOR PLAINTIFF/APPELLEE

Richard H. Barker, IV
601 Poydras Street, Suite 2345
New Orleans, LA 70130

    COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED IN PART, VACATED IN PART, REMANDED**
**OCTOBER 7, 2020**

*SCJ*

*JCL*

*PAB*

In this domestic case, Dominique Macquet appeals the trial court's July 24, 2019 judgment granting the motion for contempt filed by his former spouse, Wendy deBen Macquet, based on Mr. Macquet's failure to abide by a payment schedule in connection with the dissolution of their community property regime following their divorce. For the reasons that follow, we affirm in part, vacate in part, and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Macquet and Ms. Macquet were married in December 2010, and filed a petition for divorce on October 1, 2015. On December 7, 2017, the parties appeared before the trial court for a partition of community property, wherein a judgment was rendered in favor of Ms. Macquet for reimbursement claims in the amount of $33,868.73, payable within 180 days of the trial date.

On June 28, 2018, Ms. Macquet filed a motion for contempt, alleging that Mr. Macquet failed to pay the amounts due under the December 7, 2017 judgment. On September 25, 2018, the parties entered into a consent judgment providing for a graduated payment schedule and a final payment date of February 28, 2019.

On May 5, 2019, Ms. Macquet filed a second motion for contempt alleging that Mr. Macquet failed to make reimbursement payments in accordance with the trial court's consent judgment. Pursuant to La. R.S. 13:4611, Ms. Macquet sought court costs and attorney's fees incurred in prosecution of the rule for contempt. On July 24, 2019, following a contradictory hearing, the trial court found Mr. Macquet in contempt for failing to abide by the September 25, 2018 consent judgment. The trial court ordered Mr. Macquet to pay the remaining principal balance of $14,737.41, plus judicial interest, attorney's fees of $1,500.00, and a contempt fine of $250.00. On August 26, 2019, Mr. Macquet filed a suspensive appeal of the trial court's July 24, 2019 judgment.

## DISCUSSION

"'The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order and the court's decision should be reversed only when the appellate court discerns an abuse of that discretion.'" *Quinn v. Palmer*, 19-1009, p. 13 (La. App. 4 Cir. 3/25/20), 294 So. 3d 541, 549 (quoting *State through Dep't of Children & Family Servs. Child Support Enforcement v. Knapp*, 16-0979, pp. 13-14 (La. App. 4 Cir. 4/12/17), 216 So.3d 130, 140).

Contempt of court is committed when there is "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La. C.C.P. art. 221. Mr. Macquet

was found to be in contempt of court as he failed to abide by the terms of the September 25, 2018 consent judgment which imposed a graduated payment schedule and a final payment date of February 28, 2019. Mr. Macquet was found to be in constructive contempt of court, which is "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court." La. C.C.P. art. 224(2). "Wilful disobedience" for purposes of La. C.C.P. art. 224 means "an act or failure to act that is done intentionally, knowingly and purposely, and without justification." *Casey v. Casey*, 02-0246, p. 7 (La. App. 4 Cir. 5/22/02), 819 So.2d 1108, 1113.

At the trial of the contempt motion, Mr. Macquet testified that he had not paid the full reimbursement amounts to Ms. Macquet because she allegedly libeled him, and he had filed a lawsuit against her for damages. He also conceded that he had agreed in the consent judgment that he would immediately pay Ms. Macquet the outstanding balance through liquidation of a portion on his 401(k) account. Mr. Macquet reneged on that agreement.

We agree with the trial court that Mr. Macquet disobeyed a lawful judgment intentionally, purposely and without justification. *Quinn*, 19-1009, p. 13, 294 So.3d at 549. The trial court did not abuse its discretion in finding Mr. Macquet in contempt of court. We affirm that portion of the trial court's judgment awarding Ms. Macquet $1,500.00 in attorney's fees as the prevailing party, and $250.00 in contempt fines.

We find, however, that the trial court erred in ordering Mr. Macquet to pay Ms. Macquet the remaining principal balance of $14,737.41. Pursuant to La. C.C. P. art. 227, the punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in La. R.S. 13:4611. Under R.S.

3

13:4611(1)(d)(i), a person adjudged guilty of contempt of court may be punished by a fine of not more than five hundred dollars. In addition, the court may award attorney's fees to the prevailing party in a contempt of court proceeding provided for in Section 4611. *See* La. R.S. 13:4611(g). There is no provision in La. R.S. 13:4611 for an award of amounts owed under a consent judgment. We, therefore, vacate that portion of the July 2, 2019 judgment awarding Ms. Macquet $14,737.41. Ms. Macquet may seek to enforce her consent judgment under either summary or ordinary proceedings. *See Morris, Lee & Bayle, LLC v. Macquet*, 14-1080, p. 16 (La. App. 4 Cir. 3/23/16), 192 So.3d 198, 209.

## CONCLUSION

For the foregoing reasons, we affirm that portion of the trial court's July 24, 2019 judgment ordering Mr. Macquet to pay Ms. Macquet $1,500.00 in attorney's fees and $250.00 in contempt fines. We vacate that portion of the judgment ordering Mr. Macquet to pay Ms. Macquet $14,737.41. This matter is remanded for further proceedings.

**AFFIRMED IN PART, VACATED IN PART, REMANDED**