STATE OF LOUISIANA

VERSUS

TIMOTHY J. MAZIQUE

NO. 21-CA-243

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 47,820, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

January 26, 2022

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
 **SJW**
 **SMC**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA, DEPARTMENT OF CHILDREN AND FAMILY
SERVICES
    Honorable Bridget A. Dinvaut
    Kim Ancona Laborde

DEFENDANT/APPELLANT,
TIMOTHY J. MAZIQUE
    In Proper Person

**WINDHORST, J.**

Appellant, Timothy J. Mazique, seeks review of the trial court's September 24, 2020 judgment making child support arrearages in the amount of $70,875.000 executory. For the reasons that follow, we affirm.

**FACTS and PROCEDURAL HISTORY**

Appellant and Helena Schnyder have one child together. On May 12, 2004, appellant and Ms. Schnyder, the custodial parent, entered into a consent judgment wherein appellant was ordered to pay child support in the amount of $525.00 per month.[1] On December 9, 2004, the parties entered into another consent judgment, wherein appellant was again ordered to pay child support in the amount of $525.00 per month, retroactive to December 1, 2004.[2]

In 2009, after a jury trial, appellant was sentenced to a term of ten years imprisonment. Appellant was released from incarceration on January 1, 2019.

In June of 2020, Ms. Schnyder requested appellee, the State of Louisiana, on behalf of the Department of Children and Family Services ("DCFS"), to collect and enforce the child support judgment. On June 26, 2020, Ms. Schnyder submitted an affidavit of arrearages attesting to appellant's failure to comply with the child support judgment and the amount of arrears as of the date of the affidavit. On August 3, 2020, DCFS filed an order, as the new payee of the child support order. DCFS also filed a rule to show cause seeking to make arrears in the amount of $70,350.00 executory, obtain medical support, a modification of appellant's current child support obligation, and an income assignment. On September 24, 2020, after an evidentiary hearing, the trial court made executory arrears in the amount of $70,875.00 [3] and ordered an income assignment. The trial court stated it was making

---

[1] The written consent judgment was signed over a year later on August 12, 2005.

[2] The written consent judgment was signed on January 19, 2005.

[3] The trial court considered evidence of arrears subsequent to the filing of the rule, as prayed for in the rule, and those arrears were included in the judgment.

the arrears executory "[e]ven though it's attributable to a time when [appellant] was incarcerated." The trial court further reduced appellant's child support obligation, ordering appellant to pay $181.79 per month in child support and $20.00 per month for medical support.

Appellant filed the instant appeal.

## LAW and ANALYSIS

In his sole assignment of error, appellant contends the trial court erred in making arrears in the amount of $70,875.00 executory. He contends that under La. R.S. 9:311.1, he is entitled to "forgiveness" of his child support obligation during the period of his incarceration.

La. R.S. 9:311.1 provides for the suspension of a child support order when the obligor is incarcerated for or sentenced to 180 consecutive days or more. This provision of substantive law was enacted by Act 264 of the 2017 regular session of the legislature. Section 7 of the act provided for an effective date of January 1, 2019. However, prior to the act taking effect, on May 11, 2018 the legislature by Act 136 of the 2018 regular session amended and delayed the previous effective date of the new La. R.S. 9:311.1 to August 1, 2019. Yet again, on June 11, 2019 the legislature by Act 277 of the 1019 regular session amended and delayed the previous effective date of La. R.S. 9:311.1 from August 1, 2019 to August 1, 2020.[4] Thus, when appellant was released from incarceration on January 1, 2019, the earliest enactment of La. R.S. 9:311.1 (on which appellant relies) had not taken effect.

Considering the retroactivity of laws, Louisiana C.C. art. 6 provides:

> Art. 6. Retroactivity of laws
>
> In the absence of contrary legislative expression, **substantive laws apply prospectively only.** Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. [Emphasis added.]
>
> *Acts 1987, No. 124, §1, eff. Jan. 1, 1988.*

---

[4] Both parties in briefs mistakenly state that La. R.S. 9:311.1 was effective January 1, 2019.

Likewise, La. R.S. 1:2 provides:

§2.  Revised Statutes not retroactive

**No Section of the Revised Statutes is retroactive** unless it is expressly so stated.  [Emphasis added.]

The original enactment of La. R.S. 9:311.1 (effective August 1, 2020 to July 31, 2021) provided for suspension of a child support order "when the obligor *will be* or *is incarcerated* for any period of one hundred eighty consecutive days or more," with exceptions.  La. R.S. 9:311.1 is clearly substantive law, and accordingly, its application is prospective only.  It cannot be applied retroactively to cases in which fewer than 180 consecutive days were served after and including August 1, 2020.[5]

Appellant was released from prison January 1, 2019.  Since appellant was not incarcerated on the effective date of La. R.S. 9:311.1, the suspension of the child support orders as provided therein is not applicable in the present case.  The trial court did not err in finding that appellant was not entitled to relief under La. R.S. 9:311.1.

Further, upon being released from prison, appellant did not pay any child support payments, nor did he seek a modification of the child support order.  Appellant only requested a modification of his child support obligation once he received notice in June of 2020 that DCFS was the new payee.  DCFS, in its rule to show cause why arrears should not be made executory, requested on behalf of the appellant that the trial court modify appellant's child support obligation.  At the hearing, the trial court found appellant was entitled to a modification and granted the same, retroactive to the date of judicial demand.[6]  Appellant has not appealed the

---

[5] Effective August 1, 2021, La. R.S. 9:311.1 A was amended to provide for suspension of support payments "when the obligor ~~will be~~ is incarcerated for, or is sentenced to" 180 consecutive days or more.  This enactment likewise is not retroactive, and applies prospectively as the previous provisions for the same reasons.  Accordingly, the most recent act does not afford appellant the relief he seeks.

[6] Generally, modification of child support awards are retroactive to the date of judicial demand, except for good cause shown.  La. R.S. 9:315.21; *See also*, Department of Children & Family Services v. Alexander, 16-387 (La. App. 5 Cir. 12/28/16), 228 So.3d 1261, 1267; Barton v. Barton, 06-2032 (La. App. 1 Cir. 08/08/07), 965 So.2d 939, 943; Casey v. Casey, 02-246 (La. App. 4 Cir. 05/22/02), 819 So.2d 1108, 1111.  There is no authority for modifying a child support award retroactive to a date prior to judicial demand.  La. R.S. 9:315.21; *See also*, Casey, 819 So.2d at 1111.

trial court's modification of the child support order, retroactive to the date of judicial demand.

After a contradictory hearing, based on testimony and evidence the trial court determined that appellant failed to pay child support from June 2009 to the hearing date, September 2020, and made executory child support arrearages in the amount of $70,875.00. La. C.C.P. art. 3946. Upon review, the judgment is supported by the record and we find the trial court did not err in making arrears executory.

**DECREE**

For the reasons stated above, the trial court's judgment is affirmed.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 26, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-243**

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT          KIM ANCONA LABORDE (APPELLEE)
(APPELLEE)

**MAILED**
TIMOTHY J. MAZIQUE  (APPELLANT)          HELENA SCHNYDER  (APPELLEE)
2124 PEBBLE BEACH DRIVE                        8767 SUNNYSIDE DRIVE
LAPLACE, LA 70068                                   LAPALCE, LA 70068